UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIA DAVIS,

    Plaintiff,

v.                                              Case No: 8:10-CV-0860-T-23EAJ

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

## Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla.

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

Aug. 20, 2008).

## Analysis

Plaintiff's complaint (Dkt. 1), brought against "State of Florida of State Attorney of Tampa Division," lists numerous claims but offers no facts whatsoever in support of these claims. Attached to the complaint is 1) a copy of an order dismissing with prejudice a case that Plaintiff brought against the State of Florida - Office of the State Attorney for the Sixth Judicial Circuit and 2) Plaintiff's "Notice of Removal" of that case (Dkt. 1 Ex. 1). The Notice of Removal states that Plaintiff seeks $4 million in tort and punitive damages and asserts that this court has diversity jurisdiction over the suit (Id.).

These attachments indicate that Plaintiff seeks to remove to this court a case that was dismissed with prejudice by the Florida state court.[2] Notwithstanding that the state court case is no longer active, Plaintiff may not remove her own action. See Rigaud v. Broward Gen. Med. Ctr., 346 F. App'x 453, 454 (11th Cir. 2009) (per curiam) (unpublished); 28 U.S.C. § 1441 (providing that a defendant may remove a civil action to federal court). Consequently, this court lacks subject matter jurisdiction over this case. See, e.g., Higginbottom v. Triad Fin. Corp., No. 6:08-cv-108-Orl-28DAB, 2008 WL 508166, at *1-2 (M.D. Fla. Feb. 21, 2008).[3]

---

[2] The undersigned notes that Plaintiff's complaint against the "Tampa Division" of the State Attorney's Office presumably refers to the State Attorney's Office for Florida's 13th Judicial Circuit, which covers Hillsborough County, whereas the dismissed state court suit was brought against the State Attorney's Office for Florida's Sixth Judicial Circuit, which covers Pasco and Pinellas Counties. See http://www.flcourts.org/courts/circuit/circuit.shtml. Despite this discrepancy, the Notice of Removal makes plain that Plaintiff seeks to remove the same suit that was dismissed with prejudice by the Florida state court.

[3] This court's diversity jurisdiction is further questionable given the citizenship of the parties. The Notice of Appeal submits that this court has diversity jurisdiction over the suit because "the parties involved are citizens and officers of Florida State" (Dkt. 1 Ex. 1 at 6). Although the Notice

2

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED**; and

(2)  This case be **DISMISSED** for lack of subject matter jurisdiction.

**Date: April 26, 2010**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge

---

cites 28 U.S.C. § 1332 in support of this proposition, that statue provides for diversity jurisdiction over suits involving citizens of "different States." 28 U.S.C. § 1332(a) (2005).

3