UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIA DAVIS,

    Plaintiff,

v.                                                            CASE NO: 8:10-cv-860-T-23EAJ

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## **ORDER**

The pro se plaintiff sues the State of Florida and the "State Attorney, Tampa Division." The largely incomprehensible and illegible "complaint" purports to sue the defendants for "loss of marriage, cumulative trauma disorder (stress) induced by medical officer and processed law, exploitation, deformation, slander, [and] negligen[ce] with wrongful intent." The plaintiff attaches to the complaint (1) an order from County Court for Pasco County dismissing with prejudice the plaintiff's complaint against the "State of Florida—Office of the State Attorney for the Sixth Judicial Circuit," (2) a "notice of removal" in which the plaintiff purports to remove her case from the Pasco County court to the Middle District of Florida, and (3) a motion to "change venue" and "appeal[] by permission under 28 U.S.C. § 1292(b)." In accord with 28 U.S.C. § 636(b)(1), the magistrate judge issues a report (Doc. 4) and recommendation on the plaintiff's motion (Doc. 2) to proceed in forma pauperis. The magistrate judge recommends dismissal for lack of subject matter jurisdiction because only a defendant may remove a civil action

from state court. The plaintiff objects (Doc. 6) that "[t]his is an action to recover damages for violation of the First Amendment of the United States Constitution. . . . The Court has federal question jurisdiction under 28 U.S.C. § 1331 and Civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under the Constitution and the Fourteenth Amendment of the United States Constitution."

Section 1983 of Title 42 of the United States Code creates a claim for relief against a person who, acting "under color of state law," deprives the plaintiff of a right conferred by federal law. However, the losing party in an earlier state-court adjudication may not appeal the decision to federal court (other than the United States Supreme Court pursuant to 28 U.S.C. § 1257). D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker-Feldman doctrine bars a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Christophe v. Morris, 198 Fed. App'x 818, 825 (11th Cir. 2006) (construing part of a complaint as a challenge to a state court adjudication authorizing a landlord to evict a tenant, and holding such claims barred under Rooker-Feldman).

In the present case, the plaintiff apparently attempts either to appeal the state court's dismissal of her claim or to "remove" her case to this court for further review. In either instance, the Rooker-Feldman doctrine deprives this court of jurisdiction to hear the plaintiff's claim. Accordingly, the plaintiff's objection (Doc. 6) is **OVERRULED**, the

Magistrate Judge's report and recommendation (Doc. 4) is **ADOPTED**, and the complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.  The plaintiff's motion (Doc. 2) for leave to proceed in forma pauperis is **DENIED**.  The plaintiff's motions (Docs. 5 and 6) for appointment of an expert witness and "to compel evidence are **DENIED AS MOOT**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on May 20, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
Courtroom Deputy